[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Defendant-appellant, Robert D. Zimpelman, appeals the judgment of the Hamilton County Court of Common Pleas sentencing him to a term of eighteen months' incarceration following his conviction for corruption of a minor. For the following reasons, we affirm the trial court's judgment.
In his first assignment of error, Zimpelman argues that the trial court erred in imposing the maximum sentence for the offense. Zimpelman concedes that the trial court made the requisite finding pursuant to R.C. 2929.14(C) that he had committed the worst form of the offense. He contends, however, that the record does not support the trial court's finding.[1] We disagree.
The evidence adduced at trial indicated that Zimpelman had engaged in sexual intercourse with his fourteen-year-old cousin. At the time of the offense, Zimpelman was twenty-four years old. The victim testified that she and Zimpelman were sleeping in the same residence, and, when she awakened, he was engaging in sexual intercourse with her. She further testified that she was required to push him off of her and leave the room so that the sexual conduct would not continue. Given the disparity in age between Zimpelman and the victim and their familial relationship, as well as the indication that some force was used in the commission of the offense, we hold that the trial court was fully justified in imposing the eighteen-month term of incarceration. The first assignment of error is, therefore, overruled.
In his second and final assignment of error, Zimpelman argues that the trial court erred in imposing a sentence greater than the minimum term of incarceration. In support of the assignment, Zimpelman argues that the trial court failed to make the findings required by R.C. 2929.14(B). This argument is not well taken. As this court has held, when a trial court makes the requisite finding as to the maximum sentence pursuant to R.C.2929.14(C), there is no requirement that the court make separate findings relative to R.C. 2929.14(B).[2] The second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 DOAN and PAINTER, JJ..
[1] See State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131.
[2] See State v. Jackson (Aug. 20, 1999), Hamilton App. No. C-980512, unreported, jurisdictional motion overruled (1999),87 Ohio St.3d 1459, 720 N.E.2d 542.